R. Kenneth MILBURN, Plaintiff,

v.

FORD MOTOR COMPANY, INC., Defendant.

No. 76–115–C.

United States District Court, E. D. Oklahoma.

March 31, 1977.

Robert K. McCune, Oklahoma City, Okl., for plaintiff.

Thomas G. Marsh, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff, an individual, brings this action under the Automobile Dealers' Day In Court Act, 15 U.S.C. §§ 1221 to 1225 (Act). Plaintiff Milburn individually was President and a 50% shareholder of Ken Milburn Ford, Inc. which was a Ford automobile dealership operating in Ardmore, Oklahoma pursuant to a franchise agreement with Defendant Ford Motor Company. The corporate dealer filed a Petition under Chapter X of the Bankruptcy Act on July 1, 1974 which proceedings were unsuccessful and said entity was adjudicated a bankrupt on June 13, 1975.

The action was originally brought by Plaintiff Milburn individually and by the now bankrupt corporate entity, Ken Milburn Ford, Inc. The corporate bankrupt Plaintiff on its motion has been dismissed without prejudice from the action. Plaintiff filed an Amended Complaint on August 19, 1976. Milburn, individually, is the only Plaintiff named in said Amended Complaint. In this Amended Complaint the Plaintiff alleges in effect that Defendant failed to act in good faith in connection with the provisions of the franchise by, through pressure, causing the corporate Defendant to build a new sales and service facility and then refusing to fill all orders of the corporate Defendant for new cars requested by it, all of which eventually forced the corporate Defendant into financial difficulty and bankruptcy. Plaintiff's claims for damages are based upon his putting up personal collateral and giving personal guarantees for the obligations and loans of the corporate dealer and which he has lost or has personal responsibility for because of the bankruptcy of the corporate dealer. Plaintiff also claims a loss of "earning opportunities", a loss to his reputation, humiliation and mental anguish because of the bankruptcy of the corporation and a loss of leasehold improvements belonging to the corporation.

Defendant thereafter filed a Motion to Dismiss (the Amended Complaint) under Rule 12(b)(6), Federal Rules of Civil Procedure and/or Motion for Summary Judgment. Said Motion is accompanied by a Brief and by a large number of supporting affidavits and other documents. Plaintiff has filed a Response to said Motion and Defendant has filed a Reply to Plaintiff's Response. Defendant in support of the Motion urges that the Amended Complaint fails to state a claim against it upon which relief can be granted based on an assertion that all claims against Defendant have been released by the Trustee in Bankruptcy for the corporate bankrupt with Court approval thereof having been given by a United States District Judge for the Eastern District of Oklahoma. It is also urged by Defendant that all claims of the Plaintiff in this action are barred by the applicable statute of limitations. Defendant further urges in support of its Motion that Plaintiff is not the real party in interest and that the instant proceedings constitute a collateral attack on the bankruptcy proceedings involving the corporate entity.

In his Response, Plaintiff asserts that he is a "dealer" as defined in the Act and has standing to bring this action. Plaintiff further asserts that his claim herein is an action which did not vest in the Bankruptcy Trustee and thus appears to contend that this is not a collateral attack on the bankruptcy proceedings. And that any release by the Bankruptcy Trustee does not bar the instant action. Plaintiff in his Response further urges that a three year statute of

limitations is set out in 15 U.S.C. § 1223 and that the acts complained of giving rise to the instant action occurred well within the three year period prior to commencement of this action. Defendant urges that his Amended Complaint sets out a claim which is actual pursuant to the Act.

A consideration of the several issues raised in the instant alternative Motions discloses that the threshold question of whether Plaintiff has standing to sue under the Act requires close consideration. Defendant contends that Plaintiff is not a dealer as defined by the Act. 15 U.S.C. § 1221(c) provides:

"The term 'automobile dealer' shall mean any person, partnership, corporation, association, or other form of business enterprise resident in the United States or in any territory thereof or in the District of Columbia operating under the terms of a franchise and engaged in the sale or distribution of passenger cars, trucks, or stationwagons."

Defendant Ford contends that the written franchise agreement involved in this action was between it and Ken Milburn Ford, Inc., a corporate entity. Defendant Ford appears to rely primarily on the case of *Vincel v. White Motor Corporation*, 521 F.2d 1113 (Second Cir. 1975) which provides:

"When as here, a dealership is doing business in corporate form, the statute contains no hint that it intends a departure from the established principle that the locus of the right of action is the corporation."

The Court in *Vincel, supra*, considered special circumstances present in the cases of *Kavanaugh v. Ford Motor Co.*, 353 F.2d 710 (Seventh Cir. 1965) [1] and *York Chrysler-Plymouth, Inc. v. Chrysler Credit Corp.*, 447 F.2d 786 (Fifth Cir. 1971) [2] which permitted shareholders of corporate dealers to individually sue under the Act and distinguished them from the factual situation in *Vincel*. [3]

Plaintiff in his Response urges that compelling circumstances are present in the instant case to allow the corporate entity to be disregarded pursuant to the *Kavanaugh, supra*, and *York Chrysler-Plymouth, Inc., supra*, decisions. But Plaintiff does not assert herein that Defendant at any time controlled the board of directors of Ken Milburn Ford, Inc., as in *Kavanaugh, supra*. Nor does Plaintiff now proceed herein as an individual stockholder along with the corporate dealer who was the only signer of the franchise agreement as in *York Chrysler-Plymouth, Inc., supra*. And an examination of the Ford Sales and Service Agreement dated June 1, 1972 between Ken Milburn Ford, Inc. and Defendant discloses that Plaintiff Milburn did not individually sign or execute said agreement as in *Rea, supra*. Not only are none of the special circumstances present here as in the cases relied on by Plaintiff and the circumstances of *Rea, supra*, but the facts of this case coincide completely with those in *Vincel, supra*,

1. The special circumstance permitting an individual shareholder of a corporate dealer to proceed under the Act in this case was that the Defendant Ford Motor Company controlled the board of directors of the corporate dealer and obviously would not permit the corporate dealer to sue it under the Act. This special circumstance is not present in the case at bar.

2. In this case individual stockholder plaintiffs of a corporate dealer were permitted to remain as party plaintiffs along with the corporate dealer. The case provided however:

"The individuals would not come within the scope of the Act merely because they were sole stockholders, officers and directors of the corporate franchise holder."

This special circumstance is not present in the case at bar as the corporate dealer has been dismissed as a party Plaintiff herein on its own Motion, apparently because its Trustee in Bankruptcy had released its claim under the Act against the Defendant.

3. Nor is the special circumstance present here which allowed an individual stockholder plaintiff to proceed under the Act in *Rea v. Ford Motor Co.*, 497 F.2d 577 (Third Cir. 1974) cert. denied, 419 U.S. 868, 95 S.Ct. 126, 42 L.Ed.2d 106. Plaintiff does not rely on this case but it appears to be pertinent. This special circumstance was that the individual stockholder was an individual signer of the Franchise Dealers Agreement along with the corporate dealer and hence was also a dealer entitled to sue under the Act. This special circumstance is not present in the case at bar as R. Kenneth Milburn did not sign the franchise agreement in an individual capacity.

where it was held that an individual shareholder of a corporate dealer had no right of action under the Act. In *Vincel, supra,* and in the case at bar, the dealers were corporations, the corporations had gone into bankruptcy, the Trustees in Bankruptcy had released all claims of the corporate dealer against the motor company and then an individual stockholder of the corporate dealer attempted to proceed under the Act against the motor company. If stare decisis means anything it requires that this Court should follow the decision of the Third Circuit in *Vincel, supra,* under identical facts and law. Moreover, it should be noted that the alleged acts of bad faith on the part of the Defendant were directed against the corporate dealer and not against the Plaintiff as an individual. His alleged losses appear to be based on the financial difficulties and eventual bankruptcy of the corporate dealer of which he was a 50% stockholding owner. This is not like the situation in *Rea, supra,* where the alleged bad faith was against a signer of the franchise agreement and hence a dealer under the Act and where such dealer was allegedly forced by the motor company to surrender his franchise personally owned with another car manufacturer.

It therefore appears that Plaintiff Milburn in the instant case does not have a cause of action under the Act against Ford for any alleged bad faith in coercing him as President and a stockholder of Ken Milburn Ford, Inc. The Court is unable to distinguish this case from the facts and law in *Vincel, supra,* and determines that *Vincel, supra,* should be applied herein with the result that Defendant's Motion for Summary Judgment [4] should be granted on the basis that R. Kenneth Milburn, as an individual, is not a "dealer" within the meaning of the Act. Hence, Plaintiff as an individual does not possess the right of action provided for in the Act. The same belonged to the corporate entity which entered into and signed the franchise agreement with the Defendant.

4. As matters outside the pleadings have been presented to and not excluded by the Court, the Motion shall be treated as one for Summary Judgment and disposed of as provided in Rule

It is so ordered this 31 day of March, 1977, that Summary Judgment is entered herein in favor of Defendant dismissing Plaintiff's action herein for failure to state a claim under the Act upon which relief may be granted.

56, Federal Rules of Civil Procedure. The parties have been given reasonable opportunity to present all pertinent material. Rule 12(b), Federal Rules of Civil Procedure.